IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS EDWARD VEASEY, #DL-2772,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| **v.** | : | |
| **THE ATTORNEY GENERAL'S OFFICE PENNSYLVANIA, THE DISTRICT ATTORNEY'S OFFICE PHILADELPHIA, PENNSYLVANIA, THE DEPARTMENT OF CORRECTIONS LA BELE, PA,** | : | **NO. 08-242** |
| **Respondents.** | : | |

**DuBOIS, J.** **April 7, 2008**

**MEMORANDUM**

## I. INTRODUCTION

Petitioner Francis Edward Veasey ("petitioner") is a state prisoner currently serving a sentence of 3 ½ to 7 years imprisonment for intimidation of a witness and a consecutive sentence of 2 ½ to 5 years imprisonment for making terroristic threats at the State Correctional Institution at Fayette in La Belle, Pennsylvania. On November 13, 2000, petitioner filed a pro se Petition for Writ of Habeas Corpus ("first habeas petition"), which was denied by this Court. See Order of April 2, 2002 (approving and adopting Report and Recommendation of United States Magistrate Judge Jacob P. Hart and denying Petition). Presently before the Court is petitioner's second pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("second habeas

petition”).[1]

In his second habeas petition, petitioner sets forth eight claims, which he argues are grounds for relief from his conviction and sentence. For the reasons set forth in this Memorandum, the Court (1) dismisses with prejudice those claims which petitioner raised in his first habeas petition and which this Court previously denied; and (2) dismisses the remaining claims without prejudice to petitioner’s right to seek authorization from the United States Court of Appeals for the Third Circuit to file a successive habeas petition.

## II. DISCUSSION

### A. AEDPA LIMITATION ON SECOND HABEAS PETITIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”) restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. See 28 U.S.C. § 2244(b).[2] If a prisoner asserts a claim that he or she has

---

[1] On January 14, 2008, petitioner filed a second habeas petition and an incomplete Motion for Leave to Proceed *In Forma Pauperis*. The petition was not filed using the standard 28 U.S.C. § 2254 form; instead, petitioner submitted a memorandum. By Order dated January 17, 2008, the Court granted leave to petitioner to file a petition using the current standard form and directed that he pay the $5.00 filing fee or submit a completed Motion for Leave to Proceed *In Forma Pauperis*. On February 4, 2008, petitioner filed a revised petition (“second habeas petition”), using the standard form, and a completed *in forma pauperis* motion. The Court will treat petitioner’s January 14, 2008 memorandum as having been filed in support of the second habeas petition.

[2] That section of the AEDPA provides, *inter alia*, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

already raised in a previous federal habeas petition, the claim must be dismissed. 28 U.S.C. § 2244(b)(1). If the prisoner asserts a claim that was not raised in a previous petition, the claim must also be dismissed, unless it falls within one of two narrow exceptions. One of the exceptions is reserved for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. § 2244(b)(2)(B). The other exception relates to claims relying on new rules of constitutional law. 28 U.S.C. § 2244(b)(2)(A). In both instances, however, if a prisoner opts to file a second or successive section § 2254 petition, AEDPA requires that the petitioner first seek authorization from the appropriate Court of Appeals. 28 U.S.C. § 2244(3)(A).

**B. PETITIONER'S SECOND HABEAS PETITION**

On January 14, 2008, petitioner filed a second habeas petition but failed to comply with

---

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
. . . .

28 U.S.C. § 2244(b).

the Local Civil Rules and the Rules Governing Section 2254 Cases. The Court granted petitioner leave to file a second petition in conformity with those rules, including, but not limited to, the requirements set forth in 28 U.S.C. § 2244(b)(3)(A). See Order of January 17, 2008. Pursuant to the Court's January 17, 2008 order, petitioner filed a second petition on February 2, 2008, but, significantly, did not seek prior authorization from the Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A).

Petitioner's second habeas petition raises the following eight claims:

1. Illegal sentencing in excess of statutory authority.
2. Constitutional and statutory violations of double jeopardy protections.
3. Constitutional and statutory violations of Due Process provisions in bars to prosecution and procedures.
4. Tribunal without authority.
5. Unlawful verdict resulting in prison confinement.[3]
6. Ineffective assistance of counsel.
7. Denial of right to appeal.
8. Denial of exculpatory evidence.

(Pet'r Mem. at unnumbered 5.)

Petitioner previously raised the claims numbered (2) (double jeopardy) and (7) (denial of right to appeal) above in his first habeas petition.[4] (First Habeas Pet. at 3,4). The AEDPA

---

[3] This claim is not specifically listed in the Petition for Writ of Habeas Corpus but is included in petitioner's memorandum.

[4] While Petitioner goes into greater detail with regard to these claims in the memorandum accompanying his second petition, the Court finds the claims to be essentially the same as those raised in his first petition. For example, the bases for petitioner's double jeopardy

requires that "[a] claim presented in a second or successive habeas corpus application under 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2233(b)(1). Accordingly, the claims numbered above as (2) and (7) are dismissed with prejudice.

The remaining claims - those numbered above as (1), (3), (4), (5), (6) and (8) - were not presented in the first petition.[5] However, pursuant to AEDPA, petitioner is required to obtain an order from the Court of Appeals authorizing this Court to consider these claims. See 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not obtained an order from the Third Circuit authorizing this Court to consider the remaining claims, this Court is precluded from reaching the merits of those claims. Under the circumstances, the Court must either dismiss petitioner's second habeas petition as an unauthorized successive habeas petition, or transfer the claims to the Court of Appeals pursuant to 28 U.S.C. § 1631.[6] See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir.

---

claim in the first petition were that the testimony in his case was merely a restatement of testimony presented in an earlier case and that he was "continually charged for the same accusations . . . ." (First Habeas Mem. at unnumbered 3.) In his second petition, petitioner alleges, *inter alia*, that the prosecution was "trying conduct from a dismissed case" and that he was charged under different statutes for the same crime (Second Habeas Mem. at unnumbered 8, 11). The Court finds these latter statements to be explications of the more terse statements in the first petition. Similarly, the Court finds that petitioner's arguments in support of his claim that he was denied the right to appeal elaborate on the shorter, more generalized statement in support of the same claim in the first petition. In any event, both claims were previously denied for failure to satisfy the exhaustion requirements under 28 U.S.C. 2254(b)(1)(A) and because they were procedurally defaulted.

[5] Although petitioner raised an ineffective assistance of counsel claim in the first petition, the second petition includes ineffectiveness claims not raised in the first petition. Thus, the Court treats the claim numbered above as (6) as a claim not previously presented.

[6] 28 U.S.C. § 1631 provides, in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have

2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). The Court chooses the former course and dismisses the action without prejudice to petitioner's right to seek authorization from the Court of Appeals to file a successive habeas petition that includes the new claims.

## III. CONCLUSION

For the foregoing reasons, the Court dismisses petitioner's claims numbered above as (2) and (7) with prejudice. The Court dismisses petitioner's remaining claims - (1), (3), (4), (5), (6) and (8) - without prejudice to petitioner's right to seek authorization from the Court of Appeals to file a successive habeas petition.

An appropriate Order follows.

---

been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS EDWARD VEASEY, #DL-2772,<br><br>Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL'S OFFICE PENNSYLVANIA, THE DISTRICT ATTORNEY'S OFFICE PHILADELPHIA, PENNSYLVANIA, THE DEPARTMENT OF CORRECTIONS LA BELE, PA,<br><br>Respondents. | : | CIVIL ACTION<br><br>NO. 08-242 |

**ORDER**

**AND NOW**, this 7th day of April 2008, upon consideration of petitioner's second pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Document No. 3, filed February 4, 2008), and petitioner's memorandum (Document No. 1, filed January 14, 2008),[1] for the reasons set forth in the attached Memorandum, **IT IS ORDERED** as follows:

(1) The claims numbered as (2) (double jeopardy) and (7) (denial of right of appeal) in the attached Memorandum are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(b)(1) on the ground that they were previously raised and denied; and

(2) The claims numbered as (1), (3), (4), (5), (6) and (8) in the attached Memorandum are **DISMISSED WITHOUT PREJUDICE** to petitioner's right to seek

[1] For reasons explained in the attached Memorandum, the Court treats petitioner's January 14, 2008 memorandum as having been filed in support of the second habeas petition.

authorization from the United States Court of Appeals for the Third Circuit to file a successive habeas petition.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**